# IN THE COURT OF APPEALS OF IOWA

No. 22-0881
Filed July 13, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MARQUEIS LETRELL LEWIS SR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.

Marqueis Lewis Jr. appeals his conviction for assault causing bodily injury. **AFFIRMED.**

Jane M. White of Gribble Boles Stewart & Witosky, Des Moines, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Marqueis Lewis Jr. appeals his conviction for assault causing bodily injury. In light of the district court's credibility and factual findings, we affirm.

**I. Background Facts & Proceedings.**

On September 7, 2021, around 4:30 p.m., Sharon Lidell, Lewis's former girlfriend, called 911. She reported Lewis had come over to her house to beat up her brother, Mekhi Burrell. She reported Lewis also threatened to kill her and Burrell.

Officer Scott Crow was dispatched to the house, arriving around 5:30 p.m. He spoke with both Lidell and Burrell while his body camera was recording. Officer Crow described Lidell's demeanor as "a little bit emotional, distraught a little bit." Lidell told the officer she had broken up with Lewis and told him to come get his stuff. She said Lewis had been yelling at her while removing his mattress and boxes, pushed the mattress back on her making her almost fall, and threatened to hit her. Lidell said Burrell stood up and told Lewis to leave her alone and Lewis went over and yelled at Burrell, pushed him, and started hitting him.[1]

Officer Crow testified he saw "some really slight swelling to [Burrell's] soft tissue around his eye, and I believe there was a scratch on his neck. A raised mark." No photographs were taken of the marks on Burrell. Officer Crow did not see or speak to Lewis.

---

[1] Burrell also gave a brief statement to the officer, but much of it was omitted from the bodycam footage played for the court.

3

Lewis was charged with assault causing bodily injury, which requires a showing that the person committed an assault—without justification.[2]

At a bench trial, the State presented the recording of Lidell's 911 call, a few minutes of Officer Crow's bodycam footage, and testimony from the officer. Neither Lidell nor Burrell testified, and the State made no record to explain the lack of testimony.[3]

Lewis testified he and Lidell had been living together for a while in a rental house. Lidell let Burrell and a cousin live in the basement of the house. Lewis determined he had to move out because Lidell's relatives were smoking marijuana in the home, which was a violation of his terms of probation.[4] Lidell got angry when he told her he had to move out.[5] Lewis said while removing his mattress, Lidell pushed the mattress, which in turn pushed him down the outside steps. When he asked what she was doing, Burrell came around the mattress and hit him. Lewis hit back, threw Burrell on the couch, and held him down, telling Burrell to leave him

---

[2] Iowa Code section 708.1(2) (2021) defines an assault as any of the following:
> (a) Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> (b) Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

[3] One week after the incident, Burrell called the police and asked to drop the charges against Lewis.

[4] Lewis stated he called his probation officer before moving to let him know of the change in address and why. He did not present any statement from his probation officer to support that assertion.

[5] According to Lewis, he asked Lidell to get her relatives to stop bringing marijuana into the home, but they continued to do so.

alone or he "would beat his little butt."  A friend helped Lewis finish moving, and they left.  Lidell called 911 after his departure.

The district court found Lewis guilty.  The court "assess[ed] credibility to the witnesses for the State."  The court was not convinced by Lewis's testimony he was acting in self-defense when he struck Burrell.  Having found Lewis's actions were without justification, the court found the State proved beyond a reasonable doubt the elements of assault causing bodily injury.

Lewis appeals.

**II. Analysis.**

Sufficiency-of-the-evidence claims are reviewed for correction of errors at law.  *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022).  "In jury-waived cases, the findings of fact have the effect of a special verdict and are binding on us if supported by substantial evidence."  *State v. Fordyce*, 940 N.W.2d 419, 425 (Iowa 2020) (internal citation omitted).  "[W]e view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'"  *Crawford*, 972 N.W.2d at 202 (citation omitted).  "It is not our place 'to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the [fact finder].'"  *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022) (citation omitted).

Lewis challenges the sufficiency of the evidence as to whether he was justified in the force used against Burrell.[6]  "When self-defense is raised, the

---

[6] Lewis's brief also mentions a weight-of-the-evidence challenge and requests a new trial.  However, Lewis did not file a post-trial motion for new trial to the district

burden rests with the State to prove beyond a reasonable doubt that the justification did not exist." *Fordyce*, 940 N.W.2d at 426. However, "justification is an affirmative defense rather than an element of th[e] crime," and the initial burden is on the defendant to produce enough evidence to support the defense before the State needs to prove a lack of justification beyond a reasonable doubt. *State v. Kuhse*, 937 N.W.2d 622, 627–28 (Iowa 2020).

Here, the court found the State's witnesses credible and noted the only evidence Lewis submitted in support of his claim of self-defense was his own testimony. The court found Lewis's testimony was not credible and thus insufficient to support a theory of self-defense. A defendant's testimony, if credible, can provide sufficient evidence to support a claim of self-defense. But, given the court's credibility findings and a review of the record in the light most favorable to the State, we find the State proved beyond a reasonable doubt Lewis was not acting with justification when the assault occurred.

We affirm.

**AFFIRMED.**

---

court as required by Iowa Rule of Criminal Procedure 2.24(2). Therefore, error for his weight-of-the-evidence argument is not preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").